## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE T. RYAN, D.D.S., P.C., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-11982 |
| v. | ) ) | Hon. Victoria A. Roberts |
| PHILIPS NORTH AMERICA, LLC, | ) ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Lawrence T. Ryan, D.D.S., P.C. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A, (2) approving the form of class notice attached as Exhibit 2 to the Agreement and its dissemination to the Settlement Class by U.S. Mail, and (3) setting dates for opt-outs, objections, and a fairness hearing to take place no sooner than 90 days after the government officials receive the notice CAFA requires (to be

1

served by defense counsel no later than 10 days after this motion, which attaches the Agreement, is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit 1 to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff's brief in support follows this motion.

Dated: March 2, 2020                    Respectfully submitted,

                                        LAWRENCE T. RYAN, D.D.S., P.C.,
                                        individually and as the representative of a
                                        class of similarly-situated persons,

                                        By: /s/ David M. Oppenheim
                                            One of their attorneys

                                        Phillip A. Bock
                                        Tod A. Lewis
                                        David M. Oppenheim
                                        BOCK, HATCH, LEWIS & OPPENHEIM, LLC
                                        134 N. La Salle St., Ste. 1000
                                        Chicago, IL 60602
                                        Tel: (312) 658-5500
                                        Fax: (312) 658-5555

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE T. RYAN, D.D.S., P.C., individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-11982 |
| | ) | |
| v. | ) | Hon. Victoria A. Roberts |
| | ) | |
| PHILIPS NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS**

Plaintiff, Lawrence T. Ryan, D.D.S., P.C. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the proposed class action settlement (Exhibit A), pursuant to Rule 23 (e), and, in support thereof, states as follows:

**STATEMENT OF THE ISSUES**

Whether the settlement embodied in the Settlement Agreement is "fair, reasonable, and adequate" for the absent class members.

Whether the contents of the Class Notice proposed by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the proposed method for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974).

## ARGUMENT

### I.   Background of the litigation.

Plaintiff's Class Action Complaint alleges that Defendant sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages. Based upon discovery and analysis of fax transmission records, Plaintiff learned that Defendant's advertisements were successfully sent by fax 1,914 times to 835 different fax numbers during fax broadcasts from December 7, 2017, to February 22, 2018.

Defendant has raised several defenses, including the defense that it only sent these faxes to customers who agreed to receive the faxes—and arguing at the very least that determining whether they did would be an individual issue preventing class certification—and also contending that faxes received on cloud-based

2

computer servers are not "telephone facsimile machines" for purposes of the TCPA, relying on a new decision by the staff of the Federal Communications Commission ("FCC").

Absent settlement, this case does not necessarily result in a judgment for the class, trebled damages, or collection from Defendant. A fair, reasonable, and adequate settlement avoids both risk and delay. *See, e.g., Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 834 (E.D. Mich. 2008) ("class members would bear the risk that continued litigation will leave them with nothing because of loss and, in some cases, also because of delay").

The Parties have negotiated a formal, written settlement agreement, drafted proposed court orders, and drafted a proposed notice to the absent class members; and now they submit their Agreement to the Court.

## II.    Summary of the settlement.

If finally approved by the Court after notice to the Settlement Class, the settlement would resolve this action and the controversy about Defendant's advertisements sent by fax between December 7, 2017, and February 22, 2018 (the "Class Period"). Plaintiff and Defendant negotiated the settlement with the assistance of the Hon. Wayne R. Andersen (Ret.) of JAMS in a full-day mediation and after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the

likelihood of additional litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant agreed to and executed the Agreement.

The Agreement's key terms are as follows:

a.     <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as: "All persons sent one or more faxes from December 7, 2017, to February 22, 2018, promoting Philips Sonicare or Philips Zoom, and telling them to call Natalie or the phone number 284-724-6090 to place an order." The Settlement Class excludes: (1) Defendant, any parent, subsidiary, affiliate, or controlled person of either Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff. *See* Agreement, <u>Exhibit A</u>, at ¶ 3.

b.     <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff shall be the Class Representative and that Plaintiff's attorneys (Bock, Hatch, Lewis & Oppenheim LLC, by Phillip A. Bock and David M. Oppenheim) shall be Class Counsel for the Settlement Class. *Id*. at ¶¶ 4.

4

   c.   Settlement Fund. Defendant will make available a settlement fund of $574,200.00 (the "Settlement Fund"), to pay class members who timely submit an approved Claim Form a *pro rata* share of the Settlement Fund ($574,200 divided by 1,914 = $300.00) for each fax they were successfully sent, according to the fax records produced in the case (the "Records"), a *cy pres* award if necessary, an incentive payment to the Class Representative, attorney's fees to Class Counsel, and expenses not to exceed $15,000.00 to Class Counsel. Defendant will keep all unclaimed funds in the Settlement Fund. *Id.*, ¶ 5.

   d.   Claims.

      (i)   Claim Form. A person must identify himself/herself/itself as the owner/holder/user of one or more of the involved fax numbers at the time of the fax transmissions covered by the settlement to claim relief from the Settlement Fund. The class notice includes a simple, one-page claim form for submitting such claims for payment. The Claim Form is the fourth page of the notice (Exhibit 2 to the Settlement Agreement).

      A person submitting an approved Claim Form will be mailed a payment of the lesser of $300.00 per fax that was sent to that fax number (per the Records) or a *pro rata* share of the Settlement Fund

5

after the other required payments are subtracted. The claimant need not possess any copy of any of the faxes at issue and need not remember receiving any fax from Defendant. Rather, the claimant must merely identify himself/herself/itself as a member of the Settlement Class by verifying ownership of one or more targeted fax numbers at the relevant time. *Id.*, ¶ 8 and Exhibit 2 thereto.

(ii)    <u>Settlement Administrator</u>. Subject to the Court's approval, an experienced, independent, and professional settlement administrator named Class-settlement.com will be the "Settlement Administrator," and will issue the class notice, maintain the settlement website, assist class members, receive the claim forms, provide a list of approved and rejected claims to counsel for the parties, and issue the settlement checks. The Settlement Administrator will provide copies of all approved claim forms to counsel for the parties. *Id.*, ¶ 6.

e.    *<u>Cy Pres as a Percentage of Unclaimed Funds</u>*. If total claims do not exceed 10% of the Settlement Fund ($57,420.00), the difference between $57,420.00 and the total value of the claims, the difference will be paid as *cy pres* to the Michigan Dental Association Foundation. The Settlement Class is comprised of dentists and dental practices and the faxes at issue were about dental products.

6

f.      Class Notice. The parties have agreed to notify the Settlement

Class about the settlement by sending a notice by U.S. Mail to each of the

mailing addresses associated with the fax numbers originally targeted with

Defendant's fax transmissions. Before mailing, the Settlement Administrator

will check those addresses against the National Change of Address

Database. The notice includes instructions about opting out, objecting, or

submitting a claim form by fax or mail or electronically to the Settlement

Administrator and includes Class Counsel's direct dial telephone numbers

for people to call with questions. *Id.*, ¶ 7 and Exhibit 2 thereto.

g.      Release. The Settlement Class will release all claims that were

brought or which could have been brought in this action against Defendant

and the other released parties about Defendant's advertisements sent by fax

on or before the date of the mediation. *Id.*, ¶ 14. Defendant and its counsel

warranted that they are not aware of any other advertisements sent by

facsimile by or on behalf of Defendant to the Settlement Class beyond those

sent from December 7, 2017, to February 22, 2018, and which are the

subject of the Settlement. *Id.*, p. 2.

h.      Attorney's Fees and Costs and Class Representative Award. At

the final approval hearing, as indicated in the class notice, Class Counsel

will apply to the Court to approve an award of attorney's fees equal to one-

7

third of the total Settlement Fund ($191,400.00), plus reasonable out-of-pocket expenses not to exceed $15,000.00, including the cost of settlement administration. Class Counsel will also ask the Court to approve an incentive award of $7,500 from the Settlement Fund for Lawrence T. Ryan, D.D.S., P.C., for serving as the Class Representative. *Id.*, ¶ 10.

## III.   The Court should preliminarily approve the settlement.

### A.   The proposed settlement is within the range of possible approval.

A district court's review of a proposed class action settlement is a two-step process. The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). The second step is to hold a final approval hearing after notice to the absent class members, at which time the Court can consider any objections lodged by class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment. The Sixth Circuit has held that the appropriate preliminary approval determination is "whether the compromise embodied in the decree is illegal or tainted with collusion." *Tenn. Ass'n Health Mntce. Orgs*, 262

8

F.3d at 565. That the standard for preliminary approval is less stringent than for final approval allows the class members to be heard on the merits of a settlement.

## B.   Standard for judicial evaluation and approval.

A court may approve a class action settlement that "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). There is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

## C.   Factors considered in finally determining whether a settlement is fair, reasonable, and adequate.

In *finally* determining whether the settlement is fair, reasonable, and adequate, the trial court will consider the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland*

*Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632.

At the *preliminary* approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N.D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id*., *citing Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 351 (N.D. Ohio 2001). In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

Federal Rule 23 (e) (2), which went into effect December 1, 2018, requires that: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms

of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Here, all of these factors show the settlement should be approved. These factors are satisfied here.

The settlement here resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case, at the end of a full-day's mediation with a professional mediator (Judge Wayne R. Andersen (Ret.) of JAMS). "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351, *citing Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983).

Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000). This case is no exception. Defendant has denied liability and says it agreed to settle only to avoid the distraction and expense of defending the litigation. There are risks attendant to further litigation in this matter, and substantial delay and expense.

The decision to settle is reasonable considering the risks of continued litigation. After discovery and briefing and decision on class certification, there would likely be an appeal by the party who lost class certification. Then, the parties would litigate the merits of the case, resulting in one or more additional appeals, unless settlement were reached. In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery. The proposed settlement offers fair, reasonable, and adequate compensation now, avoiding risk and delay.

The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who was successfully sent one of the faxes, does not opt-out of the settlement, and who submits a timely and valid claim form will be mailed a check for $300.00 per fax Defendant sent their fax number(s), subject to possible, but unlikely, reduction.

Defendant has raised consent-based defenses to class certification. Such defenses have the potential to defeat class certification; that Defendant only sent the faxes to persons who wanted them. *See, e.g., Sandusky Wellness Center LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460 (6th Cir. 2017).

12

Additionally, on December 9, 2019, the Chief of the FCC's Consumer and Governmental Affairs Bureau issued a declaratory ruling in *In the Matter of Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling,* DA 19-1247. *Amerifactors* holds that "an online fax service that effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity ... to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the" TCPA. *Id.* at 1-2. The decision has been appealed to the full FCC with plaintiff-side attorneys arguing, among other things, that the *Amerifactors* decision undermines or reverses the FCC's broad interpretation of "telephone facsimile machine" in *Westfax, Inc*. *Petition for Declaratory Ruling*, CG Docket Nos. 02-278 and 05-338, Declaratory Ruling, 30 FCC Rcd 8620, 8623 (2015).

If the FCC pronouncement governs this action, or the Court reaches the same conclusion upon its review of the TCPA's definition of "telephone facsimile machine" and refuses to defer to the FCC's decision in *Westfax*, the issue will be an additional, significant hurdle to class certification and, even if certified, to proving class-wide damages and distributing any relief obtained for the class.

Moreover, assuming *Amerifactors* does not prevent class certification altogether, and assuming success, judgment, and success on appeal, Defendant will

argue only those persons who received the faxes at issue on a "facsimile machine" defined as "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper" (*Amerifactors* at 1-2) are entitled to recover, necessitating the submission of claim forms. Plaintiff's settlement guarantees a cash payment now in exchange for a claim form, without the risks and delays of further litigation getting to that point.

Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. This Court and others have appointed them class counsel in TCPA cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *Avio, Inc. v. Alfoccino, Inc.*, Case No. 10-CV-10221 (E.D. Mich.); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D.

Ill.); *G.M. Sign, Inc. v. Finish Thompson, Inc*., 08-CV-5953 (N.D. Ill.). Plaintiff's

counsel have successfully negotiated class-wide settlements in many other TCPA

cases.

Based upon the foregoing, and the judgment of experienced class counsel,

Plaintiff requests that the Court preliminarily approve the settlement.

**IV.   At final approval, Class Counsel will ask the Court to approve attorney's fees and expenses, and an award to Plaintiff, as provided in the Agreement.**

At final approval, Class Counsel will request that the Court approve

Defendant's agreement to pay them attorneys' fees equal to one-third of the

Settlement Fund. It is well recognized that the attorneys' contingent risk is an

important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,*

508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34

F.3d 560, 565 (7th Cir. 1994). Moreover, the attorneys who create a benefit for the

class members are entitled to compensation for their services. *Brent,* 2011 WL

3862363 at *19.

Here, a request for one-third of the settlement fund ($191,400.00) is within

the market rate for TCPA cases. *See, e.g., Avio Inc. v. Creative Office Solutions,*

*Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Roberts, J.) (Doc. 31) (awarding

one third of fund); *Dr. Louis L. Sobol, M.D. v. Imprimis Pharmaceuticals, Inc.*,

Case No. 16-cv-14339 (E.D. Mich. Aug. 26, 2019) (Edmunds, J.) (Doc. 94)

(same); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Battani, J.) (Doc. 120) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) (Doc. 90) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same).

Class Counsel undertook this case on a contingency basis and achieved an excellent result in a fair and efficient manner. Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in

the face of potentially fatal obstacles. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs. Early settlement on the terms agreed, rather than prolonged litigation, is the best option for the Settlement Class.

The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object he/she/it can do so.

At final approval, Class Counsel will also request that the Court approve a payment of $7,500 for Plaintiff from the Settlement Fund for serving as the Class Representative. Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F.3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiffs has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiffs expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Plaintiff was the catalyst of the case and the Settlement Class's recovery. He filed and pursued the action. Other courts have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-

10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

## V.    The Court should approve notice to the Settlement Class.

The parties propose to issue notice to the Settlement Class by U.S. Mail. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner."

Here, the parties have agreed to a reasonable manner of notice by sending it by mail to the mailing addresses of the persons to whom the Defendant sent the

faxes. The simple, one-page Claim Form will be delivered with the notice, so that members of the Settlement Class may complete and return it immediately by fax, regular mail, or electronic mail to the Settlement Administrator. The notice and the Claim Form were written with the goals of clarity and encouraging claims by class members.

The contents of a class action settlement notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

Because the notice meets the legal standards for appropriate notice and satisfies Rule 23 (e), the Court should approve it and authorize its dissemination to the Settlement Class.

## VI.    The Court should schedule a final fairness hearing.

Plaintiff requests that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

**VII. Conclusion.**

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Dated: March 2, 2020                    Respectfully submitted,

LAWRENCE T. RYAN, D.D.S., P.C., individually and as the representative of a class of similarly-situated persons,

By: /s/ David M. Oppenheim
     One of their attorneys

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Tel: (312) 658-5500
Fax: (312) 658-5555

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on March 2, 2020, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

s/ David M. Oppenheim

21