UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE T. RYAN, D.D.S., P.C., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILIPS NORTH AMERICA, LLC,<br><br>        Defendant. | Civil Action No. 19-cv-11982<br><br>Hon. Victoria A. Roberts |

## FINAL APPROVAL ORDER AND JUDGMENT

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Lawrence T. Ryan, D.D.S., P.C. ("Plaintiff"), and defendant, Philips North America, LLC ("Defendant"), and entry of final judgment, due notice given, the parties appearing through counsel, and the Court fully advised in the premises, for the reasons stated on the record, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class considering the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons sent one or more faxes from December 7, 2017, to February 22, 2018, promoting Philips Sonicare or Philips Zoom, and telling them to call Natalie or the phone number 284-724-6090 to place an order." Excluded from the Settlement Class are (1) Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

4. Upon the Affidavit of Dorothy Sue Merryman, the Court finds that U.S. Mail notice was provided to the Settlement Class and finds that it was the best notice practicable under the circumstances and that it satisfied the requirements of due process and Federal Rule 23(e)(1).

5. Upon the Affidavit of Ezra Dodd Church, the Court finds that notice in compliance with 28 U.S.C. § 1715 was sent to the appropriate state and federal officials and that no objections or comments were received.

6. No objections were received.

7. No persons requested exclusion from the Settlement Class and the settlement.

8. After due consideration of, among other things: (a) the uncertainty about the likelihood of the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state

of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. As required by Rule 23 (e) (2), the Court finds that: (a) the class representative and class counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and a simple, one-page claim form with minimal and fair requirements); (iii) the parties agreed to reasonable attorney's fees, typical of those awarded in cases of this kind; and (iv) the parties submitted a copy of the signed Settlement Agreement; and (D) the proposed settlement treats class members equitably relative to each other. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

9. Defendant has created a settlement fund (the "Settlement Fund") to pay approved class member claims, a *cy pres* award if necessary, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court.

10. As provided in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check for $300.00 for each fax sent to them (according to the fax log produced by Defendant) from the Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the settlement funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance. Any amount from voided checks shall be paid as *cy pres* to the Michigan Dental Association. If total claims do not exceed 10% of the Settlement Fund ($57,420.00), the difference between $57,420.00 and the total value of the claims, the difference will be paid as *cy pres* to the Michigan Dental Association Foundation.

11. The Court approves Class Counsel's request for attorneys' fees in the total amount of $191,400.00 and out-of-pocket expenses in the total amount of $10,549.83 as fair and reasonable and within the market rate for this type of case. Those amounts shall be paid from the Settlement Fund as specified in the Settlement Agreement.

12. The Court approves a $7,500.00 incentive award to named plaintiff Lawrence T. Ryan, D.D.S., P.C. for serving as the Class Representative as fair and reasonable and within the market rate for this type of case. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as specified in the Settlement Agreement.

13. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant are hereby dismissed with prejudice and without taxable costs to any Party.

15. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant, in this Court or any other court or forum.

16. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

17. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

                                                      BY ORDER OF THE COURT

Dated: 10/29/2020　　　　　　　　　　　s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　Honorable Judge Victoria A. Roberts